## WM. J. RUSK v. MILTON W. GRAVES.

**Vendor and Purchaser—Deficit or Surplus—Mistake or Fraud.**

It is well settled that unless there is mistake or fraud in the conveyance of land, or the deficit or surplus is so great as that if the same had been known the sale would not have been made, on the terms expressed, relief will not be granted.

APPEAL FROM KENTON CIRCUIT COURT.

January 30, 1871.

OPINION BY JUDGE PETERS:

The terms of the deed from appellee to appellant indicate that the sale was in gross, and not by the acre, and that conclusion

is sustained by the evidence of Furber, the draftsman of the deed.

He says, after he read the deed, appellee remarked that there was a mistake in the deed from his vendor to him as to the quantity recited, that there were only about 20 acres in the tract instead of 23 A 3R 228 poles as stated in his deed, and after the parties had discussed the question of quantity a while, Graves insisting that the statement of the quantity should be corrected, he then suggested the insertion of the words, "more or less" to obviate the difficulty, which the parties acquiesced in, and he, accordingly, inserted them.

In conveyances of this character, it is well settled that unless there is a mistake, or fraud, or the deficit, or surplus is so great as that if the same had been known the sale would not have been made on the terms expressed, relief will not be granted.

In this case appellant got the boundary of land he contracted for; there was no fraud on the part of Graves, for before the deed was signed he announced in the presence of and to appellant that there was only about 20 in the boundary, saying that there was an error in his deed in reciting the quantity, and after that appellant accepted the deed with full information on the subject, and with the words *"more or less"* inserted for the express purpose of avoiding the very difficulty which is now attempted to be made. And besides in the suit brought to enforce the vendor's lien against appellant he never made any question as to quantity, or title, but submitted without resistance to a sale, and purchased the whole of the land for the unpaid price after he knew there was not as much land as he now claims to have purchased under the original contract.

All the facts and circumstances in this case tend to show that there was neither fraud, nor mistake in the contract and appellant is not entitled to any relief. Wherefore, the judgment is affirmed on the original appeal and reversed on the cross appeal, with directions to dismiss appellant's petition.

*Rankin, for appellant.*

*Muezils & Furber, for appellee.*